# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 1:17-cr-15-1 |
| | ) Judge Stephanie L. Haines |
| ADELFO RODRIGUEZ-MENDEZ | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant Adelfo Rodriguez-Mendez's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338) and the Government's Response to Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 341). Defendant Adelfo Rodriguez-Mendez ("Defendant") filed the instant motion seeking to limit proposed 404(b) evidence that the Government identified in its Notice Pursuant to Federal Rule of Evidence 404(b) (ECF No. 331) ("proposed 404(b) evidence").

Of the six counts initially charged in the Superseding Indictment (ECF No. 49), Defendant currently stands charged at Count One with conspiracy to possess with intent to distribute and to distribute less than 500 grams of cocaine, occurring from August 2015 and continuing to June 29, 2017, in violation of 21 U.S.C. § 846 ("charged conspiracy"), and at Counts Two and Five with possession with intent to distribute and distribution of less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In its Notice Pursuant to Federal Rule of Evidence 404(b) (ECF No. 331) and Response to Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 341), the Government contends that the proposed 404(b) evidence is admissible under Fed. R. Evid. 404(b) as to Count One's charged conspiracy. The Government states that the proposed 404(b) evidence will show that Defendant engaged in a conspiracy to

1

traffic cocaine into Erie, Pennsylvania for several years, which initially pre-dated but ultimately continued uninterrupted through the dates described in the charged conspiracy, indicating that the evidence may relate to events that occurred as early as 2009 (ECF No. 331 at p. 3).

Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338) seeks the exclusion of the proposed 404(b) evidence, arguing that the notice is insufficient and vague, the proposed 404(b) evidence is inadmissible propensity evidence, is not relevant to the charged conspiracy, and is more prejudicial than probative. Upon consideration of the parties' filings and submissions to the Court, and for the reasons set forth herein, the Court finds that the Government has failed to meet its burden to show that the proposed 404(b) evidence is admissible. Accordingly, the Court will GRANT Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338).

### I. Factual Background and Procedural History

Relevant to Defendant's pending Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338), the Superseding Indictment (ECF No. 49) charges Defendant at Count One as follows:

> The indictment charges that from between and in and around August 2015, and continuing thereafter to on or about June 29, 2017, in the Western District of Pennsylvania, Adelfo Rodriguez-Mendez also known as Mexican Mike, and his co-defendants, did knowingly, intentionally, and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to possess with intent to distribute and to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 21 U.S.C. 841(a)(1) and 841(b)(1)(C), in violation of 21 U.S.C. Section 846 and 18 U.S.C. Section 2.

At trial, the Government must prove all of the following essential elements beyond a reasonable doubt as to the charged conspiracy at Count One:

1. That two or more persons agreed to distribute or possess with intent to distribute a controlled substance;

2. That Adelfo Rodriguez-Mendez was a party to or member of that agreement;

3. That Adelfo Rodriguez-Mendez joined in the agreement or conspiracy knowing of its objective to distribute and to possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective, that is that Adelfo Rodriguez-Mendez, Geneva Gore, John Edward Moyer II, Jason Edward Moyer, and Guadalupe Cortez Beserra together or with at least one other alleged conspirator shared a unity of purpose and intent to achieve that objective; and,

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. 812(c), Schedule II (a)(4).

(ECF No. 50).

On July 12, 2021, the Government filed its "Notice of Intent Pursuant to Federal Rule of Evidence 404(b)" (ECF No. 331). In the notice (ECF No. 331), the Government seeks to introduce this evidence under Rule 404(b). The Government describes that the proposed 404(b) evidence will consist of testimony demonstrating that, for several years leading up to his arrest in July of 2017, Defendant led a consistent scheme to traffic multi-kilogram quantities of cocaine from in and around Columbus, Ohio, that was transported for distribution out of the East Coast Monster Garage located at 460 West 12th Street, Erie, Pennsylvania which was owned and operated by the Defendant (ECF No. 331 at p. 3). Additionally, the testimony will reveal that Defendant, from at least 2013, and possibly from as early as 2009, through shortly before his arrest in the summer of 2017, would take trips to Columbus, Ohio every one to two weeks to arrange transport of cocaine back to Erie, Pennsylvania. *Id.* From Columbus, Ohio, a transport car would be sent to the Defendant's East Coast Monster Garage where the cocaine would be repackaged and then distributed to Erie area drug dealers. *Id.*

The Government contends that the proposed 404(b) evidence shows a consistent scheme and plan for cocaine distribution that shows Defendant's opportunity, intent, preparation, and knowledge concerning cocaine trafficking in Erie, Pennsylvania. *Id.* at pp. 3-4. The Government

further argues that the proposed 404(b) evidence is probative of material issues and fits into a chain of logical inferences that would show, not propensity, but a common scheme and conspiracy over a period of time in substantial part covered by the Superseding Indictment. *Id.*

On July 14, 2021, Defendant filed the Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338). Defendant first argues that the Government failed to meet its notice requirements pursuant to Fed. R. Evid. 404(b)(3)(A) & (B), specifically that the Government failed to provide the proposed 404(b) evidence with sufficient detail to allow Defendant to prepare a defense or rebuttal (ECF No. 338 at pp. 1-2). Defendant cites that the Government "vaguely and ambiguously" states that it will seek to introduce testimonial evidence, but does not state who will offer this evidence, how many people will be testifying, or specifically define the time period to which the proposed 404(b) evidence relates. *Id.* at p. 2. Defendant argues that while the Government states it is offering the proposed 404(b) evidence for non-propensity purposes, the clear purpose of the proposed 404(b) evidence is for propensity—to show that because Defendant allegedly dealt drugs at some time before the charged conspiracy, he was dealing drugs in the time frame of the charged conspiracy. *Id.* at p. 3. Defendant also contends that, even if admissible, the evidence is not relevant as it is too remote in time and is not sufficient to prove Defendant even committed the alleged bad acts. *Id.* at pp. 3-4.

Defendant states further that the proposed 404(b) evidence would not be admissible under Fed. R. Evid. 403 as its probative value is substantially outweighed by unfair prejudice, arguing that if the jury hears testimony that Defendant was trafficking multi-kilograms of cocaine out of the East Monster Garage from 2009 to just prior to the charged conduct, there is a real possibility that they will conclude he did so from the time period of the charged conspiracy, 2015 to 2017. *Id.* at p. 4. Lastly, Defendant requests that, if the proposed 404(b) evidence is admitted, the jury

4

should be provided a limiting instruction stating that such evidence goes to show something other than character, and the jury may not infer that the evidence shows Defendant had a propensity to commit the charged crime. *Id.* at p. 5.

In the Government's Response to Defendant's Motion in Limine (ECF No. 341), the Government argues that it provided Defendant with reasonable notice under Rule 404, and reiterates that the proposed 404(b) evidence is not offered to show propensity and is relevant to the charged conspiracy. As to the relevance of the proposed 404(b) evidence, the Government further explains that the testimony will show:

1) evidence that the Defendant had the opportunity to traffic and distribute large quantities of cocaine along preestablished successful routes and methods;

2) the Defendant's plan for acquiring and transporting multi-kilogram quantities of cocaine for distribution in Erie, Pennsylvania;

3) the Defendant's knowledge and confirmation of the identity of his co-conspirators and distributors who furthered his drug trafficking organization up through the indicted timeframe;

4) the common scheme employed by the Defendant going back at least to 2013; and,

5) complete the story of the Defendant's role amongst a consistent circle of drug dealing co-conspirators.[1]

(ECF No. 341 at pp. 4-5).

---

[1] The Government's description of the proposed 404(b) evidence as occurring contemporaneously with the charged conspiracy, and its reference to the admission of the proposed 404(b) evidence to "complete the story," are typically used in describing intrinsic evidence. However, the Government has clearly defined that it is seeking to admit this evidence under Rule 404(b), which is applicable only to extrinsic evidence, i.e. evidence of "other crimes," and importantly, the Government has not provided any facts to the Court showing that the proposed 404(b) evidence is "inextricably intertwined" with the charged conspiracy or directly proves the charged conspiracy. *See United States v. Potter*, 834 F. App'x 719, 723 (3d Cir. 2020) ("In the case of conspiracy, 'acts are intrinsic when they directly prove the charged conspiracy.'") (citing *United States v. Gibbs*, 190 F.3d 188, 217-18 (3d Cir. 1999)); *United States v. Bowie*, 232 F.3d 923, 927-28 (D.C. Cir. 2000) ("[M]ost circuit courts view evidence as intrinsic if it is 'inextricably intertwined' with the charged offense[.]")

The Government again states that the proposed 404(b) evidence is highly probative of the issues likely to be disputed in this case and is not "substantially" outweighed by any unfair prejudice, and further, that any prejudice would be ameliorated through a jury instruction, as requested by Defendant. *Id.* at p. 6.

As the parties have fully briefed this issue, the Defendant's Motion in Limine to Proffered Exclude 404(b) Evidence (ECF No. 338) is ripe for disposition.

**II.     Standard of Review**

The Court notes that it is well established by the Third Circuit that Rule 404(b) is a rule of general exclusion and carries with it no presumption of admissibility. *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (internal citations omitted). That is, "Rule 404(b) directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Id.* Because Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has "the burden of demonstrating [the evidence's] applicability." *Id.*

Rule 404(b) provides, in pertinent part, that:

(b) Crimes, Wrongs, or Other Acts.

(1)    Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2)    Permitted Uses ... This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

The Third Circuit has repeatedly instructed that admission of other-acts evidence under Rule 404(b) requires satisfaction of the four distinct steps set forth in *Caldwell*. First, the

proponent of the other-acts evidence must identify a proper, non-propensity purpose that is "at issue" in, or relevant to, the case at hand. *Id.* Second, the proponent must carefully articulate how the other-acts evidence is relevant to proving that purpose without relying on propensity. *Id.* This step requires the proponent to set forth a "chain of inferences" that connects the other-acts evidence to the proper purpose, "no link of which is a forbidden propensity inference." *Id.* at 277 (quoting *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013)). Third, the court must perform a Rule 403 balancing analysis to ensure that the probative value of the other-acts evidence is not substantially outweighed by its "inherently prejudicial nature[.]" *Id.* (internal citation omitted). Finally, if requested, the court must provide a limiting instruction. *Id.* (internal citations omitted).

The Third Circuit has also emphasized repeatedly that Rule 404(b) must be applied with "careful precision," and that evidence of defendant's prior bad acts is not to be admitted unless both the proponent and the district court plainly identify a proper, non-propensity purpose for its admission. *United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (citing *Caldwell*, 760 F.3d at 274); *United States v. Repak*, 852 F.3d 230, 244 (3d Cir. 2017)

### III.     Analysis

As a preliminary issue, it appears that Defendant may be raising an issue as to the timing of the filing of the Government's Notice Pursuant to Federal Rule of Evidence 404(b)(ECF No. 331). Rule 404 does not set forth a specific time frame within which the Government must provide notice of Rule 404(b) evidence. Rather, "[w]hat constitutes reasonable notice in advance of trial [pursuant to Rule 404(b)] is determined by the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F.Supp.3d 454, 462 (W.D. Pa. 2016).

In this case, the Court conducted a pretrial conference on April 6, 2021 (ECF No. 290) and subsequently issued a pretrial scheduling order on April 9, 2021, which provided that, at least

7

seven calendar (7) days before trial, the Government shall give to Defendant any evidence of Defendant's uncharged conduct that the Government intends to introduce at the trial under Fed. R. Evid. 404(b) (ECF No. 292). The Court conducted a final pretrial conference with the parties on June 29, 2021(ECF No. 322). Aware of the circumstances of this relatively straightforward case, the parties did not raise any issues with the time period for filing a 404(b) notice set forth in the pretrial order (ECF No. 292). Pursuant to the pretrial order (ECF No. 292), on July 12, 2021, the Government filed its Notice Pursuant to Federal Rule of Evidence 404(b) (ECF No. 331) as trial of this matter is scheduled to start on July 19, 2021. The Court finds that the notice was timely filed and that the time period for filing this notice set forth in the pretrial order (ECF No. 292) is in line with others set by courts in this district. *See United States v. Woods*, No. 2:07cr114, 2008 U.S. Dist. LEXIS 49662, at *13 (W.D. Pa. June 27, 2008) (directing general notice of 404(b) evidence no later than five calendar days prior to trial).

In addressing the Third Circuit's *Caldwell* 4-step analysis, the Government has failed to satisfy the first step in the Rule 404(b) process. The Government generally states that its proposed 404(b) evidence is to demonstrate "Defendant's preparation, plan, knowledge, and common scheme and to complete the story for the understanding of the jury" (ECF No. 341 at p. 4). It describes that the testimonial evidence will demonstrate a consistent scheme and plan for cocaine distribution and would highlight opportunity, intent, preparation, and knowledge concerning cocaine trafficking in Erie, Pennsylvania (ECF No. 331 at pp. 3-4). However, the Third Circuit has stressed that "a proponent's incantation of the proper uses of [prior act] evidence ... does not magically transform inadmissible evidence into admissible evidence." *Caldwell*, 760 F.3d at 276 (internal citations omitted). The Government does not explain how Defendant's knowledge, opportunity, intent, or preparation, are "at issue" and there is nothing in the record suggesting

8

Defendant intends to present a defense to specifically refute these elements of the charged conspiracy. Simply because evidence of preparation and knowledge <u>can</u> be used to meet the Government's burden does not make Defendant's planning, preparation and knowledge "at issue" in the case. Indeed, *Caldwell* rejects this idea through its express "at issue" requirement. Moreover, Defendant's assertion of innocence is not enough to put non-propensity purposes at issue. *United States v. Johnson*, 1:16-CR-162, 2017 U.S. Dist. LEXIS 183264, at *4 (M.D. Pa. Nov. 6, 2017); *See United States v. Lackey*, No. 1:17-CR-269, 2019 U.S. Dist. LEXIS 206848, at *4-5 (M.D. Pa. Dec. 2, 2019) ("The fact that Lackey contests his guilt does not automatically put intent at issue."). Other than its recitals of 404(b)'s exceptions, the Government has not explained how these non-propensity purposes are necessary in order to determine any disputed fact of this case. *Id.* at *4. The Court is not persuaded that, prior to commencement of trial, it can determine whether these listed purposes are "at issue" here.

The Government has also failed to meet its burden at step two of *Caldwell*. At step two, the proponent must outline how the proffered evidence fits into a "chain of inferences ... that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Davis*, 726 F.3d at 442 (citing *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992)). The District Court "should not merely inquire of the prosecution what it wishes the evidence to prove" but rather put the Government to the task of explaining how the evidence "should work in the mind of a juror to establish the fact the government claims to be trying to prove." *Repak*, 852 F.3d at 244 (quotation marks and citations omitted). The proposed 404(b) evidence has relevance to the charged conspiracy, but the Government fails to articulate how this evidence would work in the minds of the jurors without simply being evidence of propensity.

9

Further, the Government's Notice (ECF No. 331) and its Response (ECF No. 341) lack any facts or details that would allow the Court to make this analysis. The Government only ambiguously indicates what the testimony "would show" and doesn't provide any detail about what this evidence is or the knowledge of the person who will be testifying to such evidence. The Government fails to give any specific facts as to the who, how, where, what, and/or when of the alleged scheme or common plan at issue in the proposed 404(b) evidence, let alone how such facts create a chain of inferences that would link to the facts of the charged conspiracy.

Indeed, the few facts provided by the Government as to the proposed 404(b) evidence lack specificity or fail to show any connection to the charged conspiracy. For example, the time-period of the proposed 404(b) evidence nebulously spans from "at least 2013, and possibly from as early as 2009" through shortly before Defendant's arrest in 2017. Additionally, it is not clear how the specific facts that Defendant took trips to Columbus, Ohio to arrange for transport of cocaine back to Erie or that drugs were allegedly distributed out of Defendant's East Coast Monster Garage relate to any facts in the charged conspiracy. As Defendant contends, the only apparent inference from the proposed 404(b) evidence is that because Defendant engaged in a drug scheme before the charged conspiracy, he engaged in the charged conspiracy, making the proposed 404(b) evidence "relevant in only an impermissible way." *Repak*, 852 F.3d at 243 (3d Cir. 2017) (citing *Caldwell*, 760 F.3d at 281). The Government at this time has failed to "concretely connect[] the proffered evidence to a non-propensity purpose," *id.* at 243, leaving only the "the forbidden inference of propensity." *Davis*, 726 F.3d at 442.

If the proponent of the evidence fails to meet its burden of satisfying the first two steps, a Court need not address the final two steps. *Caldwell*, 760 F.3d at 283. However, the Court notes that even if the Government had articulated that the proposed 404(b) evidence was admissible for

a non-propensity purpose as to the charged conspiracy, the Court is not persuaded that the Government has shown that the probative value of the proposed 404(b) evidence is not substantially outweighed by the prejudicial nature of this evidence.

The third step in *Caldwell* requires that 404(b) other-acts evidence must not give rise to a danger of unfair prejudice that substantially outweighs the probative value of the evidence under Rule 403 of the Federal Rules of Evidence. *Repak*, 852 F.3d at 246 (3d Cir. 2017). The Government seeks to introduce the proposed 404(b) evidence to show that Defendant has engaged in a continued and uninterrupted scheme of drug trafficking and distribution that lasted for many years and involved multi-kilogram quantities of cocaine. By comparison, the charged conspiracy spanned approximately two years and involved less than five hundred grams of cocaine. Given the severity of the uncharged conduct alleged in the proposed 404(b) evidence (i.e., alleged multi-kilogram quantities of cocaine), particularly as compared to the charged conspiracy (i.e., a less than 500 grams of cocaine conspiracy), this evidence is highly prejudicial.

Further, as to the Government's witnesses' testimony in this case, the confidential informant is deceased and the Court has already limited, by way of exclusion, other potential testimony from the Government (ECF No. 295). Considering the evidentiary limitations on the Government's case, the proposed 404(b) evidence will likely be heavily emphasized and carry great weight with the jury, making it more susceptible to being interpreted as propensity evidence, even with a limiting instruction. The Government again does little to address the balancing test for other-acts evidence under Rule 403, and ultimately, the Court does not find that, if admissible, the highly prejudicial nature of the proposed 404(b) evidence would be outweighed by its probative value.

As the Court finds that the Government has failed to meet its burden to show that the proposed 404(b) evidence is admissible, thereby precluding the admission of the proposed 404(b) evidence, the Court will not address the last step of the Rule 404(b) analysis as to a limiting instruction.

**IV.     Conclusion**

The Court will grant Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338). An appropriate order follows.

**ORDER**

NOW, this 16th day of July, 2021, upon consideration of Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338), relating to the Government's Notice Pursuant to Federal Rule 404(b) (ECF No. 331), and the Government's Response to Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 341), and for the reasons stated in the accompanying memorandum, IT IS HEREBY ORDERED that:

1. Defendant's Motion in Limine to Exclude Proffered 404(b) Evidence (ECF No. 338) is GRANTED;

2. The proposed 404(b) evidence identified in the Government's Notice Pursuant to Federal Rule 404(b) (ECF No. 331) shall be inadmissible at trial, subject to reconsideration if the circumstances at trial so warrant.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge