**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:17-15-1 |
| | ) | Judge Stephanie L. Haines |
| ADELFO RODRIGUEZ-MENDEZ | ) | |

## OPINION AND ORDER

Adelfo Rodriguez-Mendez ("Defendant") stands charged by superseding indictment with conspiracy to distribute and to possess with intent to distribute cocaine and two counts of possession with intent to distribute and distribution of cocaine. Presently before the Court is Defendant's motion to dismiss the superseding indictment on speedy trial grounds [Doc. 308]. The Government has filed a response to that motion [Doc. 318], and Defendant has filed a reply [Doc. 320]. For the following reasons, Defendant's motion to dismiss the superseding indictment will be denied.

### I.      Procedural Background

Because Defendant is moving for dismissal pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 *et. seq.*, the Court must begin by setting forth the lengthy procedural history of this case in detail.

On June 13, 2017, a grand jury returned a five-count indictment against Defendant Rodriguez-Mendez and three other individuals: Geneva Gore, John Edward Moyer and Jason Edward Moyer. Defendant was charged at Count One with conspiracy to distribute and to possess with intent to distribute cocaine, and at Counts Two and Five with possession with intent to distribute and distribution of cocaine [Doc. 1].

On July 11, 2017, a grand jury returned the currently operative superseding indictment, adding a defendant, Guadalupe Cortez Beserra, to the conspiracy charged at Count One, and

adding Count Six charging Defendant Rodriguez-Mendez and Beserra with conspiracy to commit money laundering [Doc. 49].[1] A warrant for Defendant's arrest was issued and Defendant was arrested on that warrant in the Southern District of California on July 17, 2017. Defendant appeared before a United States Magistrate Judge in that district for a removal and detention hearing on July 25, 2017, and a warrant of removal was issued that day [Doc. 72].

On August 25, 2017, Defendant was arraigned before then-Magistrate Judge Susan Paradise Baxter in the Western District of Pennsylvania [Doc. 96]. Defendant was notified that all pretrial motions were to be filed within fourteen days of arraignment unless the Court extended the time upon written application made within the fourteen-day period [Doc. 98]. On August 31, 2017, Judge Baxter held a detention hearing [Doc. 101], and entered a written order of detention on September 1, 2017 [Doc. 102]. Defendant has remained detained since his arrest on July 17, 2017.

On September 8, 2017, fourteen days after arraignment, Defendant's court-appointed counsel, David A. Schroeder, Esq., filed a motion for a 60-day extension of time to file pretrial motions [Doc. 103]. That motion was granted by the Honorable David S. Cercone, and the time from September 8, 2017, to November 8, 2017, was excluded in calculating time under the Speedy Trial Act in the interests of justice [Doc. 104]. On November 8, 2017, Attorney Schroeder filed a motion for another 60-day extension [Doc. 113], which Judge Cercone granted, along with motions filed by the other four defendants, excluding the time from November 8, 2017, to January 8, 2018, in the interests of justice [Doc. 115].

On January 18, 2018, Judge Cercone entered an order granting motions for extension of time filed by Gore, Jason Moyer, John Moyer and Beserra [Doc. 120]. Although Defendant did

---

[1] Count Six of the Superseding Indictment was dismissed as to Defendant Rodriguez-Mendez upon Government motion on July 13, 2021 [Doc. 335].

not file an independent motion, Judge Cercone's order extended the time to file pretrial motions for all defendants to March 9, 2018, and excluded the time from the filing of Gore's motion on January 5, 2018, to March 9, 2018. *Id.* Another order extending the pretrial motions for all defendants based on motions filed by Gore, Beserra and John Moyer, was entered on March 12, 2018, excluding the time from March 8, 2018, to May 9, 2018 [Doc. 125]. In the interim, on March 26, 2018, Beserra entered a guilty plea to Count Six [Doc. 128].

On May 10, 2018, Judge Cercone entered an order extending the time to file pretrial motions for all defendants charged in the superseding indictment, based on motions filed by Gore and both Moyers, excluding the time from May 3, 2018, to August 7, 2018 [Doc. 135]. On July 16, 2018, Jason Edward Moyer entered a guilty plea to Count One [Doc. 144].

On August 8, 2018, Judge Cercone granted Gore's extension motion, extending the pretrial motions deadline for all defendants to November 5, 2018, and excluding the time between the filing of Gore's motion on August 3, 2018, to November 5, 2018 [Doc. 151]. On September 10, 2018, John Edward Moyer entered a guilty plea to Count One [Doc. 159].

On November 13, 2018, Judge Cercone entered an order granting Gore's extension motion, extending the pretrial motions deadline for both Defendant and Gore to January 4, 2019, and excluding the time from the filing of the motion on November 5, 2018, to January 4, 2019 [Doc. 169]. On January 8, 2019, Judge Cercone entered an order granting Gore's extension motion, extending the pretrial motions deadline for both Defendant and Gore to March 4, 2019, and excluding the time from the filing of the motion on January 4, 2019, to March 4, 2019 [Doc. 191]. On March 5, 2019, Judge Cercone entered an order granting Gore's extension motion, extending the pretrial motions deadline for both Defendant and Gore to May 3, 2019, and excluding the time from the filing of the motion on March 4, 2018, to May 3, 2019 [Doc. 196].

On May 4, 2019, Attorney Schroeder filed a motion for a ninety-day extension of time to file pretrial motions on behalf of Defendant [Doc. 204]. This motion was granted by Judge Cercone on May 31, 2021, excluding the time from the filing of the motion on May 4, 2019, to August 2, 2019 [Doc. 208]. In the interim, Gore entered a plea of guilty to Count One on May 28, 2019 [Doc. 210], leaving Defendant as the sole remaining defendant in this matter.

Orders granting additional motions for extension filed by Attorney Schroeder were granted by Judge Cercone on August 9, 2019 (excluding time between filing of Defendant's motion on August 8, 2019, and September 9, 2019) [Doc. 215]; October 21, 2019 (excluding time between filing of Defendant's motion on September 9, 2019 and December 9, 2019) [Doc. 223]; December 13, 2019 (excluding time between filing of motion on December 9, 2019 and February 12, 2020) [Doc. 234]; and, February 18, 2020 (excluding time between February 12, 2020, and April 12, 2020) [Doc. 237].

In March of 2020, a global pandemic struck. In response, Chief Judge Hornak entered an Administrative Order on March 13, 2020, modifying or suspending certain Court operations in light of the exigent circumstances created by the COVID-19 pandemic, to include the suspension of jury trials. *See In Re: Administrative Order Concerning Jury Trials and Certain Other Proceedings Relative to COVID-19 Matters*, Misc. No. 2:20-mc-394-MRH. Significantly, the Administrative Order specifically provided that " the period of time from March 13, 2020, to April 27, 2020, is considered to be excluded in *all* criminal proceedings in this Court pursuant to [18] U.S.C. § 3167(h)(7)(A), the Court specifically finding and concluding that the ends of justice served by taking such actions and by such delay materially outweigh the best interests of the public and the defendants in a speedy trial." Misc. No. 2:20-mc-394-MRH (emphasis in Administrative Order).

On April 12, 2020, Attorney Schroeder filed a motion for a 60-day extension, which was granted by Judge Cercone on April 14, 2020, and the time from the filing of the motion on April 12, 2020, to June 12, 2020, was excluded [Doc. 239].

On April 16, 2020, Judge Hornak extended the Administrative Order suspending certain Court operations and excluding the period of time through June 12, 2020, in *all* criminal proceedings in the district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A). *See* Misc. No. 2:20-mc-394-MRH (amended April 16, 2020).

On May 27, 2020, this case was reassigned from Judge Cercone to this member of the Court. The Court set a telephone status conference for June 9, 2020, which was continued to June 17, 2020, upon the Government's motion.

On May 29, 2020, Judge Hornak extended the Administrative Order suspending certain Court operations and excluding the period of time through September 8, 2020, in *all* criminal proceedings in the district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A). *See* Misc. No. 2:20-mc-394-MRH (amended May 29, 2020).

On June 12, 2020, Attorney Schroder filed a motion for extension of time to file pretrial motions on Defendant's behalf [Doc. 243]. A telephone status conference was held on June 17, 2020, at which Attorney Schroder indicated his intent to file a motion challenging the validity of the arrest warrant [Doc. 244]. Attorney Schroeder indicated he would be requesting a hearing on the motion and that Defendant would <u>not</u> consent to a video proceeding. *Id.* Following the conference, the Court granted Defendant's motion for extension and set a deadline of July 13, 2020, for the filing of pretrial motions. The time from the filing of Defendant's motion on June 12, to July 13, 2020, was excluded in the interest of justice [Doc. 245].

On July 13, 2020, Defendant filed a motion to dismiss/motion for discovery [Doc. 246], and the Government was granted to August 14, 2020, to file a response [Doc. 247]. A response in opposition to the motion was filed by the Government on August 14, 2020 [Doc. 249]. On August 26, 2020, the Court entered an order setting oral argument on Defendant's motion for September 14, 2020, via videoconference if Defendant should consent [Doc. 250].

On August 27, 2020, Judge Hornak extended the Administrative Order suspending certain Court operations and excluding the period of time through November 2, 2020, in *all* criminal proceedings in the district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A). *See* Misc. No. 2:20-mc-394-MRH (amended August 27, 2020).

On September 8, 2020, the Court held a telephone status conference at Attorney Schroeder's request. At the conference, Attorney Schroeder indicated that he had not yet had an opportunity to meet with Defendant to discuss the possible waiver of Defendant's right to appear in person, but that he would either file a motion to continue the oral argument or withdraw the motions after meeting with his client [Doc. 252].

On September 11, 2020, Attorney Schroeder filed a motion to continue the oral argument indicating that Defendant wishes the opportunity to be heard on his motion and averring that "a live hearing when possible would be best to allow the defendant to participate personally" [Doc. 253]. That same day, the Court entered an order granting the motion and resetting the oral argument for November 10, 2020, by Zoom if Defendant should consent [Doc. 257].

On October 30, 2020, Judge Hornak extended the Administrative Order suspending certain Court operations and excluding the period of time through February 8, 2021, in *all* criminal proceedings in the district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A). *See* Misc. No. 2:20-mc-394-MRH (amended October 30, 2020).

On the morning of the scheduled oral argument on November 10, 2020, the Court was contacted jointly by Attorney Schroeder and the Assistant United States Attorney and a telephone status conference was held. Attorney Schroeder advised the Court that he was unable to continue his representation of Defendant because he had been elected to a seat on the Court of Common Pleas of Ashtabula County, Ohio [Doc. 258]. The Court directed him to file separate written motions to continue the oral argument and to withdraw as counsel for Defendant. On November 12, 2020, the Court entered orders granting Attorney Schroeder's motion to withdraw, and directing that substitute counsel be appointed forthwith [Doc. 261], and continuing the oral argument until further Order of Court [Doc. 262].

On November 18, 2020, Attorney D. Robert Marion was appointed to represent Defendant [Doc. 263]. The following day, the Court entered an order resetting the oral argument for December 1, 2020 [Doc. 264]. On November 25, 2020, the Court granted Attorney Marion's motion to continue the oral argument, which was reset for January 5, 2021 [Doc. 267]. On December 1, 2020, the Court granted Defendant's motion to conduct the oral argument via videoconference [Doc. 269]. On December 17, 2020, Defendant filed a reply to the Government's response to his pretrial motions [Doc. 272], to which the Government filed a response on December 22, 2020 [Doc. 273]. On January 5, 2021, oral argument on Defendant's pretrial motions was held via Zoom videoconference [Doc. 274]. The matter was taken under advisement.

On February 2, 2021, Judge Hornak extended the Administrative Order suspending certain Court operations and excluding the period of time through May 3, 2021, in *all* criminal proceedings in the district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A). *See* Misc. No. 2:20-mc-394-MRH (amended February 2, 2021).

On February 5, 2021, the Court entered an Opinion and Order denying Defendant's motion to dismiss the superseding indictment and granting in part and denying in part his motion for discovery [Doc. 276]. That same day, the Court entered an order setting this case for a jury trial to commence on May 3, 2021, and excluding the time from the filing of the opinion on February 5, 2021, to May 3, 2021, in light of the pending Administrative Order, 2:20mc394, precluding the Court from conducting jury trials prior to May 3, 2021 [Doc. 277].

On April 19, 2021, Defendant filed four motions *in limine* [Docs. 293-296] and the Government filed two motions *in limine* [Docs. 297-98]. On April 22, 2021, the Court held a telephone status conference advising the parties that in anticipation of another expected extension of the Administrative Order restricting jury trials, the Court would need to move the trial from May 3, 2021 [Doc. 300]. The Court noted Attorney Marion's objection.

On April 27, 2021, Judge Hornak again extended the Administrative Order suspending certain Court operations and excluding the period of time through September 30, 2021, in *all* criminal proceedings in the district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A). *See* Misc. No. 2:20-mc-394-MRH (amended April 27, 2021).

On April 28, 2021, this Court entered an order rescheduling the jury trial in this case to commence with jury selection on July 19, 2021, in light of the exigent circumstances created by the COVID-19 pandemic and in accordance with the operative Administrative Order [Doc. 302]. The Court specifically excluded the time from April 28, 2021, until September 30, 2021, from the Speedy Trial calculation under 18 U.S.C. § 3167(h)(7)(A), finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, as the health and safety circumstances caused by COVID-19 make it necessarily and equally highly unlikely that a jury can be empaneled under the current public health circumstances and

8

under the applicable directives and orders of relevant local, state, and federal health and government authorities, and in light of the extended Administrative Order, 2:20mc394 [Doc. 302].

On May 7, 2021, Defendant filed the pending motion to dismiss the superseding indictment on speedy trial grounds [Doc. 308]. The Government filed a response on May 21, 2021 [Doc. 318], and Defendant filed a reply on May 28, 2021 [Doc. 320].

## II.    Analysis

Defendant has moved to dismiss the superseding indictment under the Speedy Trial Act, Rule 48(b) of the Federal Rules of Criminal Procedure, and the Sixth Amendment to the United States Constitution. Upon review of the record, the Court finds that dismissal is not warranted by statute or rule, nor is it constitutionally required under the Sixth Amendment.

### A.    Speedy Trial Act, 18 U.S.C. § 3161

Defendant first alleges a violation of the Speedy Trial Act because he was not brought to trial within seventy days of his first appearance before a judicial officer of this court. Based on his calculations of applicable exclusions under the Act, Defendant argues that the seventy-day period expired on November 13, 2019, and that dismissal therefore is mandatory. However, because virtually all of the time between Defendant's arraignment before Judge Baxter on August 25, 2017, and his trial, which is set to begin on July 19, 2021, properly is excluded from the computation of speedy trial time under the provisions of the Act, the Court finds that the Speedy Trial Act has not been violated in this case.

The Speedy Trial Act requires that a criminal defendant be brought to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within the time limit

established by Section 3161(c), as extended by 18 U.S.C. § 3161(h), the information or indictment shall be dismissed upon motion of the defendant. 18 U.S.C. § 3162(a)(2). The defendant bears the burden of proof of supporting such motion. *Id.*

"On a defendant's motion to dismiss an indictment for Speedy Trial Act violations, the district court must identify and tally the days included on the speedy trial clock and count toward the seventy-day limit." *Zedner v. United States*, 547 U.S. 489, 507 (2006). When calculating permissible delays under the Speedy Trial Act, the district court excludes from the count days on which triggering events occur. *See United States v. Lattany*, 982 F.2d 866, 871-72 (3d Cir. 1992). However, weekend days and holidays are included in the Speedy Trial count. *See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011). In addition, certain "periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence" under the Speedy Trial Act. 18 U.S.C. § 3161(h). *United States v. Noble*, 509 F. Supp. 3d 399 (W.D. Pa. 2020).

Here, by the Court's calculation, a tally of the days properly excluded from the speedy trial clock under § 3161(h) conclusively establishes that there has been no Speedy Trial Act violation in this case. First, from Defendant's arraignment on August 25, 2017, through the filing of his first motion to dismiss/motion for discovery on June 12, 2020, the speedy trial clock was stopped by virtue of the numerous motions for extensions of time filed either by Defendant or one or more of his co-defendants under § 3161(h)(7)(A), based on the Court's contemporaneous findings that the ends of justice served by granting such continuances outweighed the best interests of the public and the defendant in a speedy trial [Docs. 104, 115, 120, 125, 135, 151, 169, 191, 196, 208, 215, 223, 234, 237 and 239].

The speedy trial clock then was stopped from the filing of Defendant's pretrial motions on June 12, 2020, through the hearing on those motions on January 5, 2021, pursuant to § 3161(h)(1)(D), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and then again for the thirty-day period from the hearing on that motion until the filing of the Court's opinion on February 5, 2021, pursuant to § 3161(h)(1)(H), which excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

Finally, the speedy trial clock has been stopped since February 5, 2021, and will continue not to run through September 30, 2021, by virtue of the current controlling Administrative Order entered by Chief Judge Hornak limiting and staggering jury trials, and which excludes the period of time through September 30, 2021, in all criminal proceedings in this district in the interest of justice under 18 U.S.C. § 3167(h)(7)(A), *see* Misc. No. 2:20-mc-394-MRH (amended April 27, 2021), as well as by this Court's independent orders specific to this case [Docs. 277, 302] finding that the ends of justice served by continuing the trial date outweighed the best interests of the public and the defendant in a speedy trial, in light of the exigent circumstances created by the COVID-19 pandemic making it "necessarily and equally highly unlikely that a jury can be empaneled under the current public health circumstances and under the applicable directives and orders of relevant local, state, and federal health and government authorities, and in light of the extended Administrative Order, 2:20mc394." [Doc. 302].

Defendant argues that three specific time periods cited above should not be excluded from the speedy trial calculation. Upon review, however, the Court is satisfied that all of the challenged time properly is excludable in computing the time within which his trial must commence.

## 1.    Co-Defendant Exclusions

Defendant first argues that the time period from January 5, 2018, to May 3, 2019, should not be excluded from the speedy trial computation because those exclusions were based on motions filed by his co-defendants, and he never requested nor consented to those extensions.

Defendant's argument, however, completely overlooks § 3161(h)(6) of the Act, which explicitly provides that "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time in which trial must commence. Thus, after defendants are joined for trial, and unless and until a severance is granted, "'an exclusion applicable to one defendant applies to all codefendants.'" *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (quoting *United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1983).

Here, Defendant was joined for trial with one or more of his co-defendants from the date the superseding indictment was filed until the last of his remaining co-defendants, Geneva Gore, entered a plea of guilty on May 28, 2019.  At no time did Defendant ever make a motion for severance.  Although Defendant himself made no motions for extension of time to file pretrial motions during the period from January 5, 2018, to May 3, 2019, one or more of his co-defendants made seven such requests, and extensions were granted by Judge Cercone with contemporaneous findings that the ensuing delays should be excluded from the speedy trial computation in the interest of justice under § 3161(h)(7)(A).

Thus, because this entire time period properly was excludable under the Act as to one or more of his co-defendants, these extensions likewise created excludable delays for Defendant. *See Arbelaez*, 7 F.3d at 347; *United States v. Claxton*, 766 F.3d 280, 293 (3d Cir. 2014) (delay resulting from co-defendants' motions served to toll the speedy trial clock for all defendants under Act);

*United States v. Erby*, 419 F. App'x 176, 180 (3d Cir. 2011) (defendant's speedy trial clock tolled during period of time co-defendant filed and was granted eight extensions of time because "an exclusion applicable to one defendant applies to all codefendants").

2.  **Motion by Counsel without Defendant's Consent**

Defendant next argues that the period of time from September 11, 2020, to November 10, 2020, should not be excluded from the speedy trial computation because the motion to continue the hearing on his pretrial motions filed by his former counsel triggering this exclusion was made without his consent.

However, the case law is clear that an ends-of-justice continuance can be granted by the Court "at the request of the defendant *or* his counsel," 18 U.S.C. § 3161(h)(7)(A) (emphasis added), and, therefore, an attorney's request for such a continuance is sufficient to exclude that time from the speedy trial computation, with or without the consent of a defendant. *See United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013); *see also New York v. Hill*, 528 U.S. 110, 115 (2000) (counsel generally controls scheduling matters, as counsel is in position to assess benefits and detriment of a delay and whether defense would be prepared to proceed earlier, and requiring consent of defendant for routine scheduling determinations would consume time to no apparent purpose).

Here, Attorney Schroeder requested that the hearing on Defendant's pretrial motions be continued based on his belief that an in-person hearing would be best to allow Defendant to participate personally and to facilitate having an interpreter available in order for counsel to confer with Defendant as needed [Doc. 253]. Whether Defendant consented to that decision, or disagreed with it entirely, it nevertheless was a decision wholly within Attorney Schroeder's purview, and he was not required to obtain Defendant's permission to file the motion. Moreover, the Court

granted the motion and deemed the extension to be excludable delay under the Act, contemporaneously finding that the ends of justice served by granting the continuance outweighed the best interests of the public and the defendant in a speedy trial "due to the inherent delay in the scheduling of further trials and in-person proceedings as a consequence of the Administrative Order in place in this district precluding the Court from conducting in-person hearings at this time, and the inability to proceed by video conference under the circumstances of this case, as outlined in Defendant's motion to continue." 18 U.S.C. § 3161(h)(7)(B).

Accordingly, the Court is satisfied that the time from the filing of the motion to continue by Attorney Schroeder on September 11, 2020, to November 10, 2020, also properly is excludable from the computation of time under the Speedy Trial Act, regardless of Defendant's lack of consent to the motion.

### 3. Administrative Order

Finally, Defendant takes issue with the extensions caused by the Administrative Order restricting jury trials in this district in light of the COVID-19 pandemic, and this Court's resultant orders [Docs. 277, 302] continuing the trial to July 19, 2021. He argues that the time period from February 5, 2021, until July 19, 2021, should not be excluded from the speedy trial computation because he was prepared to go to trial immediately upon the resolution of his pretrial motions, and he explicitly objected to the second continuance moving the trial from May 3, 2021, to July 19, 2021.

In mid-March 2020, a global pandemic struck which brought the world to a virtual standstill. This Court, like all others, was thrust into the unprecedented and unenviable situation of having to determine how to continue court operations and provide accused defendants of their

full range of trial rights while also protecting the health and safety of staff and court personnel, parties, Marshals, prisoners, potential jurors and the public at large.

In response, on March 13, 2020, Judge Hornak entered his first Administrative Order concerning jury trials and certain other proceedings relative to COVID-19 matters. Misc. No. 2:20-mc-394-MRH . This order, *inter alia*, continued all civil and criminal jury selections in the Western District of Pennsylvania until further Order of Court. After making extensive findings of fact, Chief Judge Hornak found that the period of time from March 13, 2020, to April 27, 2020, is considered to be excludable delay in *all* criminal proceedings in this Court, finding that the ends of justice served by taking that action substantially outweigh the interests of the parties and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(B). The Administrative Order was reconsidered in consultation with all other Judges in this district and amended on April 16, 2020; on May 29, 2020; on August 27, 2020; on August 30, 2020; on February 2, 2021; and, on April 27, 2021. Each of these orders made extensive findings, modifying some in light of current circumstances related to the pandemic, and each included contemporaneous findings that the ends of justice served by taking that action substantially outweigh the interests of the parties and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(B).

The relevant amendments applicable to Defendant's current motion are those made on February 2, 2021, and April 27, 2021. The February 2, 2021, Administrative Order continued all criminal jury selections scheduled to begin before May 3, 2021, until further Order of Court based upon the extensive findings set forth in that order relating to the current state of the pandemic, and, in the interests of justice, excluded all time in all criminal proceedings from March 13, 2020, to May 3, 2021.

In light of the Administrative Order, this Court entered an independent order specific to this case setting the trial for May 3, 2021 [Doc. 277]. The Court made an independent and contemporaneous determination, that the extension of time from February 5, 2021, to May 3, 2021, was in the best interest of justice under § 3161(h)(7)(B) due to the Administrative Order precluding jury trials prior to May 3, 2021. The Court notes that Defendant did not object to this continuance at the time it was entered.

Prior to the scheduled May 3, 2021, trial date, the Administrative Order was amended again on April 27, 2021. This Order again contained extensive findings based on the advice of public health authorities and acknowledging the difficulties, *inter alia*, in bringing to court large jury venire pools. This order did, however, permit jury trials to resume after June 1, 2021, in a very limited and staggered manner, with no more than one proceeding at a time, under the procedures and protocols carefully outlined in the Order, and, in the interests of justice, excluded all time in all criminal proceedings from March 13, 2020, to September 30, 2021, in order to permit the staggered scheduling of trials.

In anticipation of the amended Administrative Order, the Court advised counsel for the Government and defense counsel at a status conference on April 22, 2021, that the trial would have to be rescheduled from May 3, 2021 [Doc. 300]. The Court noted Defendant's objection to the extension. Notwithstanding counsel's objection, and in accordance with the Administrative Order, the Court entered an order on April 28, 2021, rescheduling the trial for July 19, 2021, and made an independent and contemporaneous determination, that the extension of time from April 28, 2021, to September 30, 2021, was in the best interest of justice under § 3161(h)(7)(B) in light of the Administrative Order.

The Court finds that the time period from February 5, 2021, to July 19, 2021, is properly excludable in total under § 3161(h)(7). The Administrative Order excluding the time from February 5, 2021, to September 30, 2021, applies across the district and sets forth in detail the rationale as to why the exclusions are in the best interest of justice. In addition, this Court has entered independent and contemporaneous orders excluding those same time periods. The combination of the Administrative Orders and the independent orders specific to this case more than suffice to toll the speedy trial clock computation.

Defendant's challenges to the exclusions are wholly without merit. First, the cynical suggestion that these decisions were made "cavalierly" is belied by the extensive factual findings made by Chief Judge Hornak in his initial Administrative Order, which were reconsidered, incorporated and/or amended in each subsequent Order, following extensive consultations with all of the Judges in this District, findings by which this Court not only is bound but with which this Court wholly agrees.

Moreover, Defendant's suggestion that these periods should not be excluded because they are "indefinite" likewise is not supportable. Initially, all of the Administrative Orders set exclusions of limited duration, subject to reconsideration at reasonable intervals. *See United States v. Green*, 516 F. App'x 113, 122–23 (3d Cir. 2013) (even open-ended continuances granted under the "ends of justice" exception are not prohibited as long as they are reasonable in length) (citing *United States v. Lattany*, 982 F.2d 866, 868, 876 n. 14 (3d Cir.1992)).

In addition, the current Administrative Order as amended on April 27, 2021, expressly provides that any criminal defendant "who believes that they are aggrieved by any provision of this Order or any actions taken under its authority, may request such relief in a request directed to the Chief Judge of this Court via a Motion filed at Misc. No. 20-mc-394-MRH . . . [and] [a]ny

such request for relief will be resolved by the Chief Judge or his designee." There is no indication that Defendant has availed himself of this safety valve provision.

The Chief Judge of this District has found for the detailed reasons set forth in the Administrative Order and its amendments that delays occasioned under the terms of the Order are excludable and in the best interest of justice under 18 U.S.C. § 3161(h)(7). He specifically acknowledged the importance of the right to a speedy trial and balanced the interests of defendants and the public in that right to the compelling health and safety issues arising out of the COVID-19 pandemic. This Court likewise has made independent and contemporaneous findings to that effect. Accordingly, the Court is satisfied that all of the time from February 5, 2021, to July 19, 2021, is properly excluded from the computation of time under the Speedy Trial Act.

### B. Federal Rule of Criminal Procedure 48(b)

Defendant also moves for dismissal under Rule 48(b) of the Federal Rules of Criminal Procedure, which allows a Court to dismiss an indictment "if unnecessary delay occurs in . . . bringing a defendant to trial." A district court's decision to grant or deny a Rule 48(b) motion is discretionary. *United States v. House*, Crim. Nos. 09-273-03, 10-021-02, 2015 WL 4111457, at *25 (W.D. Pa. July 8, 2015) (citing *Gov't of Virgin Islands v. Lee*, 775 F.2d 514, 526 (3d Cir.1985)).

The Third Circuit Court of Appeals has noted that Rule 48(b) is both "a vehicle for enforcing a defendant's speedy trial right" and "also a restatement of the court's inherent power to dismiss a case simply for want of prosecution." *United States v. Dreyer*, 533 F.2d 112, 113 n. 1 (3d Cir. 1976) (citing 3 C. Wright, Federal Practice and Procedure §§ 814, at 309 (1969)). To the

extent Defendant seeks dismissal under Rule 48(b) based on the Court's inherent authority to dismiss for want of prosecution, the motion will be denied.[2]

An exercise of a Court's inherent authority must satisfy two requirements: (1) it "must be a reasonable response to the problems and needs confronting the court's fair administration of justice," and (2) it "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz v. Bouldin*, ___U.S. ___, 136 S. Ct. 1885, 1892 (2016) (citations and internal quotation marks omitted). Importantly, a court may exercise its inherent authority only when it is necessary to address improper conduct and to ensure respect for the proceedings. *United States v. Wright*, 913 F.3d 364, 371 (3d Cir. 2019).

Thus, under these principles, a court may dismiss an indictment based upon its inherent authority only if the Government engaged in misconduct, the defendant was prejudiced, and no less severe remedy was available to address the prejudice. *Wright*, 913 F.3d at 371. Here, Defendant fails to meet the very first prong, as he has neither alleged nor shown that the Government has engaged in any type of misconduct in delaying the trial in this case which might warrant the exercise of this Court's inherent authority to dismiss for want of prosecution. *See Wright*, 913 F.3d at 372 (dismissal under court's inherent authority not warranted when Government performed diligently and professionally). Nor is there any evidence in the record to

---

[2] The *Dreyer* court observed that when a Rule 48(b) claim is based on prejudice arising from the delay, rather than on mere want of prosecution, the case should be treated on constitutional grounds encompassing the Rule 48(b) claim. *Dreyer*, 533 F.2d at 113 n. 1. Here, although Defendant seeks to invoke the Court's inherent authority to dismiss under Rule 48(b), his argument goes almost exclusively to the prejudice he has suffered as a result of the delay. This aspect of Defendant's Rule 48(b) claim therefore is encompassed within his Sixth Amendment claim and will be addressed more thoroughly in the section of this Opinion addressing his constitutional challenge to the delay. Because dismissal under Rule 48(b) may be granted even when not constitutionally required, *see Government of Virgin Islands v. Burmingham*, 788 F.3d 933, 937 n.7 (3d Cir. 1986), and also may apply in situations where the Speedy Trial Act has not been violated, *see House*, 2015 WL 4111457, at * 25, the Court will treat Defendant's Rule 48(b) challenge separately as well.

demonstrate bad faith, purposeful delay, or oppressive action on the part of the Government. *See Hunt v. United States*, 456 F.2d 582, 584 (3d Cir. 1972) ("An indictment should not be dismissed unless there has been deliberate or oppressive action by law enforcement officials"). Instead, the delay in this case has been entirely the result of motions filed by Defendant and/or his co-defendants, and the unforeseen impact of a global pandemic.

Accordingly, in the absence of a showing of any misconduct or oppressive action on the part of the Government, Defendant's motion to dismiss the superseding indictment under the Court's inherent authority pursuant to Rule 48(b) also will be denied.

### C.    Sixth Amendment

Finally, Defendant argues that his constitutional right to a speedy trial also has been violated by the four-year delay from superseding indictment to trial in this case. Upon consideration of the applicable factors, the Court cannot find a Sixth Amendment violation under the circumstances of this case.

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, "the accused shall enjoy the right to a speedy and public trial . . ." In *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972), the United States Supreme Court set forth a four-factor test for examining alleged Sixth Amendment violations. "The inquiry focuses on: (1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Barker*, 407 U.S. at 530–3). None of the four factors are either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial; rather, they are

related factors and must be considered together with such other circumstances as may be relevant. *Barker*, 407 U.S. at 533.

As to the first factor, the Court notes that a four-year delay between Defendant's arrest on July 17, 2017, to the pending trial date of July 19, 2021, while not dispositive, is of sufficient length to trigger further inquiry into the *Barker* speedy trial factors. *See United States v. Battis*, 589 F.3d 673, 678-9 (3d Cir. 2009) (45-month delay between indictment and start of trial is sufficient to require consideration of the remaining *Barker* factors).

As to the second factor, the Court finds that the reason for the delay weighs significantly against a finding that Defendant's Sixth Amendment right to a speedy trial was violated. Here, the entire delay in this case can be attributed almost exclusively to two factors: (1) the requests for extensions of time for filing pretrial motions filed both by Defendant and his co-defendants, along with the pretrial motions filed by Defendant which required a response and a hearing; and, (2) the completely unforeseen consequences of a global pandemic.

In context, the delay in bringing this case to trial, while lengthy, is understandable and excusable. This is a multi-count, controlled substances conspiracy case involving five defendants. The delay from the filing of the superseding indictment on July 11, 2017, until April 13, 2020, is solely attributable to Defendant and/or his co-defendants seeking multiple extensions of time to file pretrial motions. Although Defendant argues he did not consent to a number of those extensions filed by his co-defendants, he never objected to those requests, nor did he file a motion to sever to bring his case to trial more quickly. Moreover, the delay from May 3, 2019, through April 13, 2020, was solely the result of Defendant's own motions to extend time to file pretrial motions.

The ensuing delay from April 13, 2020, until February 5, 2021, was the result of the filing of Defendant's pretrial motion to dismiss/motion for discovery, which necessitated a response from the Government, and a hearing at Defendant's request. The COVID-19 pandemic, and restrictions on conducting in-person hearings and the inability to conduct such hearings by video without Defendant's consent, stretched the delay farther. Although Defendant ultimately did consent to proceed by video, as late as September 11, 2020, Defendant, at least through counsel, represented that a live hearing would be best to allow him to participate personally [Doc. 253]. Further unavoidable delay was occasioned by the need for a change of counsel when Attorney Schroeder was elected to a judgeship in Ohio, and substitute counsel had to be appointed.

Finally, the delay from February 5, 2021, to July 17, 2021, has been the result of the global pandemic. While Defendant currently takes issue with this delay, the Court notes that he neither objected to the initial rescheduling of the trial from February 5, 2021, to May 3, 2021, nor did he avail himself of the safety valve provision of the April 28, 2021, Administrative Order by requesting relief from Chief Judge Hornak.

The Supreme Court has observed that when weighing the reasons for a delay, different weights should be assigned to different reasons. *Barker*, 407 U.S. at 531. Where there is a deliberate attempt to delay a trial in order to hamper the defense, the delay should be weighted heavily against the government. *Id.* Defendant makes no such allegation here, and the record does not support any deliberate attempt on the part of the government to delay the trial. Conversely, neutral reasons such as negligence or overcrowded courts should be weighted less heavily but still considered, as responsibility for such circumstances must rest with the Government. *Id.* Significantly, however, valid reasons, should serve to justify appropriate delay. The Court believes that a global pandemic constitutes just such a valid reason. Since the delay in

this case is attributable to either Defendant, or his co-defendants, or to the pandemic, under the totality of circumstances the Court finds that the reason for the delay weighs heavily against a finding of a constitutional speedy trial violation. *See Barker*, 407 U.S. at 531.

The third factor the Court is to consider is Defendant's assertion of or failure to assert his right to a speedy trial. *Barker* instructs that this factor permits "a court to attach a different weight to a situation in which the defendant knowingly fails to object from a situation in which his attorney acquiesces in long delay without adequately informing his client, or from a situation in which no counsel is appointed. It would also allow a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection." *Id.* at 529.

Here, Defendant first asserted his right to a speedy trial by filing his pending motion to dismiss on May 7, 2021, 46 months after his arrest and only 2 months before the rescheduled trial date. Although he now complains of the multiple extensions of time filed by his co-defendants, he never filed a motion to sever or noted his objection to any of those motions, and there is no evidence in the record of any correspondence addressed to the Court expressing concerns as to those multiple extensions. He also continued to file motions for extension of time to file pretrial motions after his co-defendants pled, and the only motion filed by his former counsel to which he indicates in his present motion that he did not consent was the motion asking for a continuance of the motions hearing in September 2020. Due to the lack of "frequency and force" of Defendant's objections to the delay in this case, the Court finds that the third factor also weighs against Defendant.

The final factor to consider is prejudice to the Defendant from the delay. As to this factor, Defendant argues that he has suffered undue and oppressive incarceration since his arrest on July 17, 2017. He alleges that due to COVID-19 he has spent considerable time in lockdown conditions

resulting in heightened anxiety and concern. He further argues that he has been prejudiced in his ability to defend himself due to the fact that one Government witness has died, another cannot be located, and that the Government has forfeited the cash underlying the money laundering count.

As to the fourth factor, *Barker* instructs that prejudice should be assessed in light of three interests which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and, (3) to limit the possibility that the defense will be impaired. *See Barker*, 407 U.S. at 532. Of these three interests, the most serious is the inability of a defendant adequately to prepare his case which "skews the fairness of the entire system." *Id.*

Here, there is no dispute that Defendant has been subjected to lengthy pretrial incarceration, which no doubt has resulted in anxiety and concern. However, while prejudice may be presumed by the lengthy four-year delay in bringing this case to trial, *see e.g. Doggett v. United States*, 505 U.S. 647, 656 (1992), the presumption can be mitigated by a showing that the defendant acquiesced in the delay, or can be rebutted if the Government can show that the ability of Defendant to defend himself was not impaired by the delay. *Id.*, 505 U.S. at 658.

The Court believes that the presumption of prejudice can be overcome in this case. First, as already discussed, Defendant is responsible for, or can at least be said to have acquiesced in, virtually all of the delay in this case. More significantly, however, it is apparent that the delay in this case has caused far more harm to the Government than it has to Defendant. Rather than having impaired Defendant's ability to defend himself, the delay in this case has resulted in the death of one Government witness and the inability to locate another. These missing witnesses will greatly impact the Government's ability to present its case, even to the point of having had to

dismiss Count Six of the superseding indictment. Under these circumstances, the Court finds that the prejudice factor also weighs against a finding of a constitutional speedy trial violation.

As one final consideration in its Sixth Amendment analysis, the Court notes that the protections of the Speedy Trial Act "exceed those of the Sixth Amendment, which does not require that a trial commence within a specified time." *Lattany*, 982 F.2d at 870 n.5. Accordingly, because the Speedy Trial Act "was enacted largely to make defendants' constitutional speedy trial rights meaningful, many courts have noted that 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" *United States v. Alvin*, 30 F. Supp. 3d 323, 340 (E.D. Pa. 2014) (quoting *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)). As the Court has found that the Speedy Trial Act has not been violated in this case, this consideration likewise weighs against a finding of a constitutional violation.

Thus, for the foregoing reasons, the Court is convinced that the *Barker* factors weigh against a finding that Defendant's Sixth Amendment right to a speedy trial has been violated in this case under the totality of the circumstances.

## III.    Conclusion

Defendant has failed to show a violation of the Speedy Trial Act because all of the challenged time properly is excludable, and, after all appropriate exclusions are taken into account, Defendant's trial will commence within the seventy-day period set forth in the Act. Defendant also has failed to either allege or show misconduct or other deliberate or oppressive action by the Government which might warrant the exercise of this Court's inherent authority to dismiss the indictment under Federal Rule of Criminal Procedure 48(b). And, finally, in examining

Defendant's constitutional speedy trial claim under the *Barker* four-factor test, the Court is satisfied that Defendant also has failed to establish a violation of the Sixth Amendment.

The Court is cognizant of the length of time that has elapsed between the filing of the superseding indictment and the trial in this case. However, "[o]ur speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable." *Doggett*, 505 U.S. at 656. The delay in this case, while lengthy, has been wholly justified and, in most respects, has been unavoidable. Accordingly, Defendant's motion to dismiss the superseding indictment alleging speedy trial violations, whether constitutional, statutory or by rule, will be denied.

An appropriate order will follow.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:17-15-1 |
| | ) | Judge Stephanie L. Haines |
| ADELFO RODRIGUEZ-MENDEZ | ) | |

## <u>ORDER</u>

AND NOW, this 16th day of July, 2021, upon due consideration of Defendant's motion to dismiss superseding indictment on speedy trial grounds [Doc. 308], the Government's response thereto [Doc. 318], and Defendant's reply [Doc. 320], and, for the reasons set forth in the accompanying Opinion, IT IS ORDERED that Defendant's motion to dismiss [Doc. 308] hereby is **denied**.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record